**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4250**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MULLER MIRANDA, a/k/a Eckiver Cortez, a/k/a Miuler Miranda,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00251-WO-1)

———————

Submitted: May 6, 2010           Decided: June 3, 2010

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muller Miranda pled guilty pursuant to a plea agreement to one count of willfully distributing 265.2 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). He was sentenced to eighty-seven months' imprisonment, at the low end of the properly calculated Sentencing Guidelines. Miranda's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there were no meritorious issues for appeal but requesting the court review the issue of whether the sentence was unreasonably high in light of 18 U.S.C. § 3553(a) (2006). Miranda filed a pro se supplemental brief raising several issues. The Government declined to file a brief.

We have reviewed Miranda's plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure and find no error. We affirm his conviction.

With respect to the sentence, after United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "failing to calculate (or

2

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If we find the sentence to be procedurally reasonable, we will consider the substantive reasonableness of the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court presumes a sentence within the Guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We find no error in the district court's decision to affirmatively adopt defense counsel's recommendation and impose a sentence at the low end of the Sentencing Guidelines. We find the sentence reasonable.

Miranda raises several arguments, including ineffective assistance of counsel. This claim, raised in conjunction with his other issues, is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), unless counsel's alleged ineffectiveness conclusively appears on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After reviewing the record, we find there is no conclusive evidence counsel rendered ineffective assistance. We have reviewed Miranda's other

3

arguments, including his claims that his Guidelines range of imprisonment was improperly calculated and that he was eligible for the Safety Valve provision under U.S. Sentencing Guidelines Manual § 5C1.2 (2008) and 18 U.S.C. § 3553(f) (2006) and find those claims without merit. The district court did not err by including as relevant conduct the drug quantities included in the dismissed charges. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994); see also USSG § 1B1.3. Furthermore, there is no evidence Miranda fulfilled all the requirements in order to be considered for the Safety Valve provision.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4